Opinion issued August 13, 2019



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00252-CV

———————————

**GILBERT KOUBA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF AUDREY KOUBA, KAREN WILLIAMS AND CURTIS KOUBA, Appellants**

**V.**

**NORTHLAND INDUSTRIES, INC. D/B/A MAGNUM FITNESS, JHTNA MANUFACTURING, L.L.C., AND JOHNSON HEALTH TECH NORTH AMERICA, INC., Appellees**

On Appeal from the 25th District Court
Colorado County, Texas
Trial Court Case No. 241329-A

**DISSENTING OPINION**

Because I believe that the terms of the Asset Purchase Agreement ("Agreement") expressly exclude from the scope of the liabilities that JHTNA contractually assumed any liability for appellants' claim for breach of the implied warranty of merchantability, I respectfully dissent.

The Agreement states that JHTNA agreed to assume "only" the "specifically identified" liabilities and obligations, as follows:

> 2.5    Assumption of Liabilities. Subject to the terms and conditions set forth herein at the Closing [JHTNA] shall assume and agree to pay, honor and discharge when due *only the liabilities and obligations* of [Magnum] *specifically identified below* relating to the Assets existing at or arising on or after the Closing Date (collectively, the "Assumed Liabilities"):

(Emphasis added.)  As pertinent here, JHTNA agreed to assume product warranty claims "solely" as set forth in the "written warranties" attached in Schedule 3.1.17(a)(1), as follows:

> 2.5.6. [A]ny *Product Warranty* Claim *solely* with respect to claims arising with respect to and during the time periods set forth *in the written warranties* of [Magnum] *attached hereto on Schedules 3.1.17(a)(i)* and 3.1.17(a)(ii) . . . .

(Emphasis added.)[1]

> Schedule 3.1.17(a)(i), "Commercial Treadmill Warranty," provides:

> Magnum warrants to the ORIGINAL purchaser that their treadmill will be free from defects for the time periods listed in this form. Magnum *will repair or replace the defective part*, at Magnum's option, during the warranty period . . . .

---

[1]    We note that Schedule 3.1.17(a)(ii), "Special Product Warranties," states "None."

2

. . . .

> There are no additional warranties; either expressed or implied, arising out of the sale or [sic] this product other than those contained herein. ***Warranty is only for the repair or replacement of the product.*** No additional coverage to any consequential damages arising from the use or non-use of this product.

(Emphasis added.) Thus, JHTNA "specifically" assumed Magnum's obligation "only" to "repair or replace" defective parts or the product itself, i.e., the treadmill.

Section 2.6 of the Agreement expressly excludes, *notwithstanding Section 2.5 or any other provision, schedule, exhibit, or disclosure*, any assumption by JHTNA of "any liability relating to product liability claims," as follows:

> 2.6 <u>Excluded Liabilities</u>. *Notwithstanding the provisions of Section 2.5 or any other provision hereof or any schedule or exhibit* hereto and regardless of any disclosure to [JHTNA], [JHTNA] ***shall not assume*** any liabilities, obligations or commitments of [Magnum] relating to or arising out of the operation of the Business or the ownership of the Assets prior to the Closing, including, but not limited to, ***any liability relating to product liability claims***, other than the Assumed Liabilities (the "<u>Excluded Liabilities</u>").

(Emphasis added.) Although Section 2.6 excludes "Assumed Liabilities," again, such include only parts and product replacement. That JHTNA did not assume Magnum's liability for product liability claims, or any claim relating to, notwithstanding any other term, is supported by Section 6.2, which also provides:

> ***NOTWITHSTANDING ANYTHING IN THIS AGREEMENT TO THE CONTRARY, NOTHING IN THIS AGREEMENT OR ANY OF THE TRANSACTION DOCUMENTS SHALL CAUSE, OR BE CONSTRUED TO CAUSE, THE ASSUMPTION OF ANY OBLIGATION FOR PRODUCT LIABILITY CLAIMS BY [JHTNA].***

3

The record reflects that appellants did not seek damages for repair or replacement of parts or products. Rather, they sought damages for personal injury and death resulting from Magnum's allegedly defective "design" of the treadmill and "failure to warn" of unexpected speed changes. The Agreement defines "claims for bodily injury (including death) and property damage occurring after the Closing Date [July 30, 2012] in connection with products sold by [Magnum] prior to [that date]," as here, as "each a 'Product Liability Claim.'" Thus, appellants allege product liability claims. Defining appellants' claims as product liability claims also comports with the laws of both Texas and Wisconsin.[2]

---

[2]    Appellants, in their live petition, relied on Texas law in asserting multiple product liability theories, including breach of implied warranty. On appeal, appellants again assert that Texas law governs the nature of their claims. Texas law defines "any action against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damage allegedly caused by a defective product whether the action is based in strict tort liability, strict products liability, negligence, . . . *breach of express or implied warranty*, or any other theory or combination of theories," as a "[p]roducts liability action." TEX. CIV. PRAC. & REM. CODE § 82.001 (emphasis added); *see JCW Elec. v. Garza*, 257 S.W.3d 701, 705 (Tex. 2008) ("[A] claim for implied warranty is one basis for a products liability claim."); *see also id.* at 704–05 ("[C]onceptually, the breach of an implied warranty can either be in contract or in tort. . . . The precise nature of the claim is ordinarily identified by examining the damages alleged: when the damages are purely economic, the claim sounds in contract . . . ; but a breach of an implied warranty claim alleging damages for death or personal injury sounds in tort[.]"). Further, the Wisconsin Supreme Court has held that "it is inappropriate to bring an action for breach of warranty where a tort remedy is sought." *Karnes v. C. R. Bard, Inc.*, No. 18-CV-931-WMC, 2019 WL 1639807, at *7 (W.D. Wis. Apr. 16, 2019) (quoting *Austin v. Ford Motor Co.*, 273 N.W.2d 233, 240 (Wis. 1979)) ("[W]here an action is brought in tort but denominated as breach of implied warranty, the cause of action may be maintained if sufficient facts are alleged to

Sections 2.6 and 6.2 of the Agreement expressly exclude, notwithstanding *any other provision*, *schedule*, *exhibit, or disclosure*, any assumption by JHTNA of "any liability relating to product liability claims," as appellants assert. Even if another provision of the Agreement could be read to suggest that *Magnum* may have been subject to other warranties under applicable laws, Sections 2.6 and 6.2 expressly relegate such language and define the scope of the liability that JHTNA contractually agreed to assume.

I believe that the Agreement, read as a whole, reflects that JHTNA did not assume liability, under a theory of breach of implied warranty, for claims seeking damages for personal injury or death resulting from alleged defects in the products that Magnum manufactured and sold prior to the closing date of the Agreement, i.e., product liability claims. It cannot be true that, in order to assert a valid product liability claim under the Agreement, one must also allege property damage. That is an absurd result. *See Kourosh Hemyari v. Stephens*, 355 S.W.3d 623, 626 (Tex. 2011) ("[U]nder general rules of construction we avoid strictly construing an instrument's language if it would lead to absurd results."); *Star Direct, Inc. v. Dal Pra*, 767 N.W.2d 898, 913 (Wis. 2009) ("[W]e must interpret [contracts] reasonably so as to avoid absurd results . . . .").

---

state a claim for strict liability in tort but the warranty action as such should be dismissed.").

Accordingly, I dissent. I would affirm the summary judgment granted in favor of JHTNA and Johnson Health.


                              Sherry Radack
                              Chief Justice

Panel consists of Chief Justice Radack and Justices Goodman and Countiss.

Radack, C.J., dissenting in part.